HARTMAN *v.* SCHRAMKE.

1. APPEAL AND ERROR—APPEAL BOND—DAMAGES—SPECIFIC PERFORMANCE—STATUTES—COURT RULES.

Statute and court rule, each of which specifically requires that an appeal bond provide for payment of damages to the appellee in the event of an appeal in foreclosure proceedings of a mortgage or land contract that result from a stay of proceedings, impliedly exempts the need for a provision for damages in an appeal bond growing out of a decree for other relief, including specific performance, an ordinary appeal bond in such event being sufficient (CL 1948, § 650.23; Court Rule No 62, § 1 [1945]).

2. SAME—APPEAL BOND—SPECIFIC PERFORMANCE—STATEMENT OF QUESTIONS INVOLVED—RECORD.

The finding of fact by the trial judge that appeal bond sued on by plaintiff was on appeal from a decree for specific performance rather than from decree in suit for foreclosure of a land contract is accepted, where the statement of questions involved raises no question as to trial court's determination and there is nothing in the record other than plaintiff's unsupported allegations to show to the contrary, not even the decree from which the appeal was taken and incident to which the appeal bond had been given (Court Rule No 67, § 1 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 3 Am Jur, Appeal and Error §§ 491, 1278 *et seq.*

3. Same—Appeal Bond—Damages for Stay of Proceedings.

> Action at law upon appeal bond given by defendant when he
> appealed from decree entered granting him specific performance
> on his cross bill in suit commenced by plaintiff to foreclose
> a land contract, was properly dismissed by trial judge, since
> it was an ordinary appeal bond, adequate for purpose given
> without provision for damages for a stay of proceedings, as
> required by statute and court rule on appeals in suits to
> foreclose mortgages and land contracts but not from decree
> for specific performance (CL 1948, § 650.23; Court Rule No
> 62, § 1 [1945]).

Appeal from Huron; Bach (Arthur M.), J. Submitted June 3, 1958. (Docket No. 3, Calendar No. 46,477.) Decided September 9, 1958.

Action by Frances Hartman against William Schramke, Florence Schramke and Cash P. Cook on appeal bond for damages after dismissal of appeal. Case dismissed on motion. Plaintiff appeals. Affirmed.

*Hatfield & Hatfield,* for plaintiff.

Voelker, J. There is a statute in this State which says that when an "appeal is taken from a decree of foreclosure of a mortgage or land contract" the appellant shall include in his appeal bond a condition that he shall "pay to the appellee the damages which may result to the appellee from the stay of proceedings." (CL 1948, § 650.23 [Stat Ann 1943 Rev § 27-.2613].) To the same effect is our court rule (Court Rule No 62, § 1 [1945]), which says:

"No appeal, other than appeals from probate courts, shall operate as a stay of execution unless and until an appeal bond to the adverse party or to such other party or official as shall be expressly required by the statute authorizing the appeal shall be filed, in the amount and with the sureties provided by law, conditioned (1) to prosecute the appeal to

effect, (2) to perform and satisfy the judgment, decree or order of the appellate court, (3) to perform and satisfy the judgment, decree or order appealed from in case the appeal should be dismissed or discontinued, (4) *in appeals from a decree of foreclosure of a mortgage or land contract, to pay to the appellee the damages which may result to the appellee from the stay of proceedings,* and (5) to do any other act which shall be expressly named, in the statute authorizing the appeal, as a condition of the appeal bond." (Emphasis added.)

The quoted statute and court rule, by omission, impliedly but plainly exempts the need for a provision for damages in an appeal bond growing out of a decree for other relief, including specific performance, an ordinary appeal bond in such event being sufficient. From this circumstance the present appeal arises.

In 1946 William and Florence Schramke purchased a farm on a land contract from plaintiff-appellant, Frances Hartman. The Schramkes fell behind in their payments and Frances Hartman brought a suit in equity to foreclose the land contract. In that action the Schramkes filed a cross bill for specific performance and the case resulted in a decree granting their prayer for specific performance (May 13, 1953) conditional upon the Schramkes making certain payments to Mrs. Hartman within 60 days. Those payments not having been made Mrs. Hartman, the appellant here, obtained a writ of assistance. The Schramkes then filed a general appeal, which after a considerable time was apparently dismissed for lack of perfecting the appeal. To secure that appeal they filed the presently controverted bond for $2,000. Because of the appeal Mrs. Hartman stayed execution of her writ of assistance pending the outcome of the appeal. In the meantime the Schramkes stayed in possession of the farm.

The present appeal results from a dismissal of Mrs. Hartman's subsequent declaration at law alleging that the Schramkes' appeal bond in the prior equity case was in legal effect a stay bond under the statute (that is, that the bond should have read into it the statutory provision for damages) and that Mrs. Hartman was consequently entitled to damages resulting from her stay of her writ. The trial court held that Mrs. Hartman had stated no cause for action because the bond in question was to secure an appeal from a decree for specific performance.

In his opinion of dismissal the learned trial judge said, in part:

"It is the court's opinion that this matter can be disposed of on his [Schramke's] motion to dismiss, as the action is brought upon the appeal bond filed in case No. 3795 and if there is no liability on the bond plaintiff has not set out a cause of action. It is the court's opinion the defendants' motion to dismiss should be granted. *Neither party in their briefs have cited, nor can the court find any statute that requires an appeal bond in specific performance cases to contain a provision for damages.* The statute and court rules only provide a bond with damages resulting from a stay of proceedings in mortgage or land [contract?] foreclosure proceedings. Since that is the rule, the court does not feel that it can now read in a provision for damages and thus hold the defendants and surety liable on the bond. The surety is limited in liability strictly by the terms of his contract and any extension of liability by implication beyond the strict letter is forbidden. *This bond apparently was sufficient to appeal a specific performance decision.*" (Emphasis added.)

Thus we observe that the controlling issue in this case (was the decree in the prior case one of foreclosure or of specific performance?) was decided as a question of fact by the trial judge in the same court that granted the original decree.

Appellant having failed to set out in her statement of questions involved any question concerning the trial judge's determination of that fact question, this Court will not review his decision. See Court Rule No 67, § 1 (1945) and *Hett* v. *Duffy,* 346 Mich 456. Even were we inclined to disregard this rule, it would be impossible to review the decision as appellant has not seen fit to include the decree or any evidence concerning its nature in her record on appeal. There being no adequate showing before us to the contrary (other than appellant's unsupported allegations) we would in any case have no alternative but to accept the finding of the trial judge on this score.

In applying the trial judge's determination of the fact question to the statute and court rule already discussed, it follows that the bond in question was adequate. In view of this decision it is not necessary for us to decide, as appellant insists, whether the missing condition needed to make the bond a statutory stay bond may be read into it. That vexing question could only have arisen had the Schramkes appealed from a decree of foreclosure for Mrs. Hartman and filed such a bond as they did file.

We may observe in passing that even had the prior appeal been from a decree of foreclosure, it would then appear that plaintiff's present action would be tantamount to a proceeding aimed to reform the bond, with incidental money relief. Had that been the case we suggest, without deciding, that her action might more properly have been pursued on the equity side of that venerable fence which still divides our administration of justice.

The decision of the trial court is affirmed.  Costs to appellees.

SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred with VOELKER, J.

DETHMERS, C. J., and CARR and KELLY, JJ., concurred in the result.